**Gwendolyn COATES, Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.**

**Civ. A. No. 90–0679–GHR.**

United States District Court, District of Columbia.

July 12, 1990.

Thomas Fortune Fay, Clower and Fay, P.C., Washington, D.C., for plaintiff.

Frederic H. Schuster, Asst. Gen. Counsel, Bruce P. Heppen, Asst. Gen. Counsel, Robert J. Kniaz, Acting Deputy Gen. Counsel, Washington Metropolitan Area Transit Authority, Washington, D.C., for defendant.

MEMORANDUM DECISION
AND ORDER

REVERCOMB, District Judge.

The plaintiff, Gwendolyn Coates, alleges that on December 14, 1988, she was a passenger on one of defendant's [1] buses and sustained and incurred certain personal injuries and other damages when a Washing-

**1.** The defendant, Washington Metropolitan Area Transit Authority, was created by an interstate compact between the Commonwealth of Virginia, State of Maryland, and the District of Co-
lumbia with the consent of the Congress of the United States. It is an agency and instrumentality of the signatories to the Compact.

ton Gas Light truck rear ended the bus as a result of the sole negligence of an unidentified driver of an unknown motor vehicle.

■ This matter is before the Court pursuant to the defendant's motion for summary judgment. The sole issue is whether a qualified self-insurer is required to provide uninsured motorist protection under the Compulsory/No–Fault Motor Vehicle Insurance Act of 1982 Amendments Act of 1985 (hereinafter "the Act").

Section 35–2106(a)(1)(D) of the Act provides:

> Each insurer selling motor vehicle insurance in the District shall be required to offer insurance which shall provide at least all minimum benefits required by this Chapter with respect to: (i) Property damage liability; (ii) third party personal liability; and (iii) uninsured motorist protection. In addition, each insurer shall offer optional personal injury protection insurance required by § 35–2104 and underinsured motor vehicle coverage as required by this section. *Taxicab insurers and self-insurers shall be exempt from the requirement to offer optional personal injury protection insurance. Taxicab insurers and self-insurers shall also be exempt from the requirements of § 35–2104 that they offer uninsured motorist protection and underinsured motor vehicle coverage.*

D.C.Code § 35–2106(a)(1)(D) (emphasis supplied).

The problem in resolving the issue in the instant case is that section 35–2104, referred to in the last sentence of section 35–2106(a)(1)(D), does *not* require the offering of uninsured motorist protection and underinsured motor vehicle coverage. These requirements are found in section 35–2106(c–1), (f).[2] Rather, section 35–2104, titled as *"Personal injury protection,"* only covers the requirement of offering personal injury protection.[3] The plaintiff accordingly argues that where the last sentence of section 35–2106(a)(1)(D) expressly provides that self-insurers are exempted "from the requirements of § 35–2104" the D.C. Council was necessarily exempting self-insurers only from offering personal injury protection, which is the subject of

---

**2.** Section 35–2106(c–1) provides, in part:

> *Underinsured motor vehicle coverage.—* Underinsured motor vehicle coverage is for the protection of an insured who is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle. Each insurer shall offer, except for the operation of motorcycles, optional underinsured motor vehicle coverage in amounts up to the amounts of the uninsured motorist coverage as requested by the insured.

> Section 35–2106(f) provides, in part:

> *Mandatory uninsured motorist protection.—* (1) For the purposes of this subsection, the term "uninsured motor vehicle" means a motor vehicle which:

> (A) Is a motor vehicle which is not insured by a motor vehicle liability policy applicable to the accident;

> (B) Is covered by a motor vehicle liability policy of insurance but the insured denies coverage for any reason or becomes the subject of insolvency proceedings in any jurisdiction; or

> (C) Is a motor vehicle which causes bodily injury or property damage and whose owner or operator cannot be identified.

> (2) Each insurer selling motor vehicle insurance in the District with respect to any motor vehicle registered or principally ga-

raged in the District shall include coverage for bodily injury or death in amounts of $25,000 per person injured in any 1 accident, or $50,-000 for all persons injured in any 1 accident, and coverage for property damage in an amount of $5,000 for property damage in any 1 accident for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of *uninsured motor vehicles.*

**3.** Section 35–2104 provides, in part:

> (a) *In general.*—(1) In addition to insurance required to be provided by an insurer under § 35–2106, each insurer shall offer to each person *required to have insurance under this chapter optional personal injury protection insurance as set forth in this section. Personal injury protection shall provide coverage for victims for injuries arising from accidents resulting from the operation or use of a motor vehicle by the insured or use of the insured motor vehicle within or outside the District. It shall provide benefits for medical and rehabilitation expenses, work loss, and funeral benefits as set forth in this section. Personal injury protection benefits are applicable only to a victim who is an insured or an occupant of the insured's vehicle or of a vehicle which the insured is driving.

section 35–2104, but erroneously included "offer[ing] uninsured motorist protection and underinsured motor vehicle coverage."

The problem with the plaintiff's position, however, is that it fails to explain why the D.C. Council expressly included the language exempting self-insurers from "offer[ing] uninsured motorist protection and underinsured motor vehicle coverage" if it did not intend to do so. The fact may be that the D.C. Council's error was not in including such language but in citing section 35–2104 as the source of those requirements from which the D.C. Council wanted to exempt self-insurers.

In reading section 35–2106 in context this Court rules that the only reasonable interpretation is that the D.C. Council in fact intended to exempt self-insurers from *both* the personal injury protection requirements of section 35–2104 *and* the uninsured motorist protection and underinsured motor vehicle coverage requirements of section 35–2106.

The basis for this Court's ruling is that section 35–2106(a)(1)(D) first provides in one sentence that "[t]axicab insurers and self-insurers shall be exempt from the requirement to offer optional personal injury protection insurance." The source of the requirement for optional personal injury protection is, of course, section 35–2104. However, after exempting self-insurers from this requirement, the statute then immediately and further provides the sentence that "[t]axicab insurers and self-insurers shall *also* be exempt from the requirements of § 35–2104 that they offer uninsured motorist protection and underinsured motor vehicle coverage." That this latter sentence erroneously cites to sections 35–2104 is evident by the facts that the former sentence had *already* exempted self-insurers from the requirement of section 35–2104, namely, "the requirement to offer optional personal injury protection insurance," and the use of the word "also" in the latter sentence necessarily implies that the D.C. Council intended to provide exemptions other than personal injury protection, namely, as expressly stated, exemp-

tions from offering "uninsured motorist and underinsured motor vehicle coverage." For the plaintiff to contend that the D.C. Council did not intend to grant these exemptions, where the statute literally "also" provides for them, would simply make a reading of the two juxtaposed sentences redundant at best and nonsensical at worst.

The plaintiff contends that a ruling which allows self-insurers exemption from uninsured motorist protection would undermine the express purpose of the Act "to provide adequate protection for victims who are injured in the District or who are injured while riding in motor vehicles registered or operated in the District." D.C. Code § 35–2101(b). However, the fact is that the D.C. Council expressly provided that self-insurers may exempt themselves from offering "uninsured motorist protection and underinsured motor vehicle coverage." If the D.C. Council did not intend to include this language in section 35–2106(a)(1)(D) then it can of course amend the Act to remove the language. However, this Court notes that the language has been in effect for nearly five years which suggests to this Court that the language was in fact intended.

Moreover, this Court's ruling does not leave individuals in plaintiff's position totally without a remedy. The Act establishes an uninsured motorist fund "for the purpose of awarding compensation to a victim of an accident who sustains injury therefrom and would not otherwise be compensated for his or her loss." D.C.Code § 35–2114.

Accordingly, it hereby is

 ORDERED that the defendant's motion for summary judgment be, and the same hereby is, GRANTED.[4]

---

**4.** It is clear from the defendant's exhibits at-

tached to its motion for summary judgment that

the defendant was indisputedly a qualified self-insurer which invoked the exemptions of D.C. Code § 35–2106(a)(1)(D). Whether the District of Columbia Department of Public Works correctly reflected the defendant's status in public records is not relevant. The undisputed fact is that the Department of Public Works apprised the defendant that its notice, that it will not provide uninsured motorist protection or under-insured motor vehicle coverage under the exception set forth in section 35–2106(a)(1)(D), had "been noted and the statement added to the city's file." The defendant cannot be estopped from asserting its exemptions, to which it is legally entitled, simply because of error or negligence on the part of a government agency over which the defendant has no control.